SAMUEL BUCKER, PLAINTIFF, v. ALBERT FERO,
DEFENDANT.

*Map of tract and field notes — what a sufficient authentication of them to render
them admissible on the question as to the boundary line between lots.*

MOTION by plaintiff for a new trial on exceptions taken at the
Steuben circuit, and ordered to be heard at General Term in the
first instance.

The action was trespass for cutting timber. It was brought
originally in a justice's court, and being there discontinued by the
interposition of a plea of title, it was brought in this court, where
the defendant recovered a verdict. The plaintiff and defendant
own and occupy adjoining pieces of land in a tract known as
Watkin & Flint's purchase, in the county of Chemung, the former
having a part of lot twenty-four and the latter a part of the next
westerly lot, number twenty-five. The question of title depends
on the location of the boundary line between the two lots, which
is in dispute, the plaintiff claiming that the line at its north end
is about six rods west of the point at which the defendant claims
it to be. The tract was formerly owned by Stephen B. Munn.
The plaintiff's title was derived from Munn.

The court at General Term said : " An exception was taken to
the reception of a map and field-notes which were put in evidence
by the defendant. The map purported to be a map of the town-
ship, which included lots twenty-four and twenty-five above men-
tioned, and appended to it was a statement purporting to be
signed by Joshua Ferris and James Pompelly, that the township
was surveyed by them in 1808 for Col. Henry Rutgar and Alex-
ander Robinson, of the city of New York. The field-notes (which
appear to have been on the same piece of paper with the map)·
gave the courses and lengths of the boundary lines of lots twenty-
four and twenty-five. The objection taken to the map and field-
notes was that they were not authenticated. The evidence of
authentication, upon which the defendant relies, was as follows :
It was proved by an agent of Munn's heirs, whose father had been
the agent of Munn in his life-time, that the lands of the Munn

tract had been contracted and conveyed as parts of lots and sections, as shown on the map; that the map and field-notes were produced from the papers in the agent's possession, which he received from his father, who died in 1855; and who had them in his hands a good many years before that time; that the witness knew of no other map designating lots on the tract; that the signature of Ferris was genuine; that Ferris died nearly twenty years before the trial, and that Pumpelly also was dead: As the plaintiff derived title from Munn, and his deed described his land by the number of the lot, we think the circumstances proved were sufficient to authorize the inference that the map and field-notes were genuine, and that the land of plaintiff was conveyed in reference to them. The argument of the defendant's counsel is that the deed to the plaintiff assumes the division of a tract into lots, and it must be presumed that both grantor and grantee knew what the division was, and that the conveyance was made with reference to it; that although the map does not purport to have been made for Munn, yet being found in the custody of his agent and of the agent of his heirs for many years, and being the only one known relating to that estate, it is reasonable to presume that he derived his title from the parties for whom the map was made, or that he adopted it as his own, and the presumption is that he conveyed with reference to it. We are prepared to assent to this view of the matter and to hold that the testimony was admissible. (See 1 Wharton's Ev., §§ 668, 670, 194; *Kingsland* v. *Chittenden*, 6 Lans., 15; *Clark* v. *N. Y. Life Ins. and Trust Co.*, 64 N. Y., 33, 38–39; *Crawford* v. *Loper*, 25 Barb., 449.)"

*Geo. B. Bradley*, for the plaintiff. *E. O. Mills* and *Geo. T. Spencer*, for the defendant.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

New trial denied and judgment ordered for defendant on the verdict.